UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROLANDO GUTIERREZ ARMENDARIZ, an individual; ANA DANIELA AMEZQUITA AVILES, an individual; RICARDO GUTIERREZ ARMENDARIZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>VICTOR M. CEPEDA GONZALEZ, an individual; J. ROMERO MIRABLE, an individual; DOES I through X; and ROE ENTITIES I through X,<br><br>Defendants. | Case No. 2:25-cv-00118-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for an Order to Extend Time to Serve and Allow[] for Alternative Service on Defendant J. Romero Mirabal. ECF No. 7. Plaintiffs' Motion explains efforts made to serve Defendant Mirabal by two different process servers. ECF Nos. 7-5, 7-7. These efforts include (1) identifying and attempting service at Defendant Mirabal's last known home address (determined to be a bad address for Defendant), (2) database searches seeking to locate a current address for Defendant, (3) phone calls to two telephone numbers identified as associated with Defendant (neither of which allowed for voice mail messages), (4) searches of voter registration, DMV records, and social media, and (5) attempts to search tax records ultimately not publicly accessible. Plaintiffs now seek an extension of time to serve Defendant Mirabal and permission to serve (1) by texting the phone numbers Plaintiffs state do not have voicemail and are not associated with Defendant, (2) sending a letter to an address confirmed by process servers not to be a good address for Defendant, and (3) sending a letter to a third party administrator whose relationship to this case is not explained. ECF No. 7 at 6.

First, the Court finds under Federal Rule of Civil Procedure 4(m) good cause exists to extend the period during which Plaintiffs may attempt service on Defendant Mirabal. Second, with respect to the types of alternative service requested, Plaintiffs' Motion is denied. Federal Rule of Civil

Case 2:25-cv-00118-GMN-EJY    Document 8    Filed 02/12/25    Page 2 of 4

Procedure 4(e)(1) allows for service following the laws of the state in which the federal court is located. Nevada Rule of Civil Procedure 4.4 allows for alternative service methods upon a motion of a party (i) demonstrating due diligence to locate the defendant, (ii) proposing alternative service methodology, and (iii) explaining why the proposed alternative service meets the requirements of due process. When considering a request to serve a defendant by alternative means the Nevada Supreme Court asks the underlying courts to take into consideration attempts made by a plaintiff to serve a defendant at his known residence, and other methods of locating a defendant, such as consulting public directories. *Price v. Dunn*, 787 P.2d 785, 786-87 (Nev. 1990), *rev. on other grounds, NC-DSH, Inc. v. Garner*, 218 P.3d 853 (Nev. 2009) (and noting that *Price* otherwise remains good law); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994). Plaintiffs are not required to attempt every permissible means of service of process before requesting an alternative method of service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015).

The Court finds Plaintiffs have attempted service sufficient to warrant alternative service methods; however, the proposed alternative methods of service do not comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016. Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The phone numbers and home address Plaintiffs identify are stated not to be associated with Defendant Mirabal. Thus, mailing a letter to the address and sending text messages to the phone numbers do not appear to be reasonably calculated to apprise Defendant Mirabal of the pendency of this action. A letter to a third party administrator whose relationship to the case is unexplained also does not satisfy due process. While Plaintiffs are not precluded from taking any or all of these steps in an attempt to contact Defendant Mirabal, and while Defendant Mirabal could respond and accept service, the Court cannot conclude, based on the information provided, that the alternative service smethods requests comport with due process.

2

It is not the Court's job to identify alternative service methods for Plaintiffs. However, the Court notes that alternative service by publication may be appropriate here. A request for such service must provide affidavits, declarations or other evidence demonstrating: (1) the due diligence that was undertaken to locate and serve the defendant; (2) the efforts made to locate and serve the defendant; (3) the defendant's known or last known contact information; (4) the last known address, the dates during which the defendant resided at the location, and confirmation the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found. Nev. R. Civ. P. 4.4(b)(2), 4.4(c)(2); *see also Eko Brands, LLC v. Houseware Sols., LLC*, Case No. 2:20-cv-2076-RCJ-BNW, 2021 WL 4149016, at *2 (D. Nev. Aug. 20, 2021); *Gomez v. State Dep't of Bus. & Indus. Rels.*, Case No. 2:21-cv-01184-GMN-VCF, 2021 U.S. Dist. LEXIS 201074, at *2 (D. Nev. Oct. 19, 2021). A request to serve by publication must also state why service by publication comports with due process and, if service by publication is contemplated, include the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; and suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings. Nev. R. Civ. P. 4.4(c)(4)(A). The publication should "be reasonably calculated to give the defendant actual notice of the proceedings." *Id*. The service must be published at least once a week for a period of four weeks. *Id*.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for an Order to Extend Time to Serve and Allowing for Alternative Service on Defendant J Romero Mirabal (ECF No. 7) is GRANTED in part and DENIED in part without prejudice.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Extend Time to Serve is GRANTED. Plaintiffs have through and including **April 14, 2025** to effect service on Defendant Mirabal.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Alternative Service is DENIED without prejudice. Plaintiffs may renew their motion seeking to serve by publication. Such motion

must provide all information required to support the request and a proposed order that addresses all elements of the Nevada Rule of Civil Procedure discussed above.

Dated this 12th day of February, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE