UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROLANDO GUTIERREZ ARMENDARIZ, an individual; ANA DANIELA AMEZQUITA AVILES, an individual; RICARDO GUTIERREZ ARMENDARIZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>VICTOR M. CEPEDA GONZALEZ, an individual; J. ROMERO MIRABLE, an individual; DOES I through X; and ROE ENTITIES I through X,<br><br>Defendants. | Case No. 2:25-cv-00118-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Allow for Alternative Service on Defendant J. Romero Mirabal ("Mirabal"). ECF No. 10.

Rule 4 of the Federal Rules of Civil Procedure establishes the methods for service of civil complaints filed in federal court. Federal Rule 4(e)(1) allows for service following the laws of the state in which the federal court is located. Nevada Rule of Civil Procedure 4.4 allows for alternative service methods upon a motion of a party (i) demonstrating due diligence to locate the defendant, (ii) proposing alternative service methodology, and (iii) explaining why the proposed alternative service meets the requirements of due process. When considering a request to serve a defendant by alternative means the Nevada Supreme Court asks the underlying courts to take into consideration attempts made by a plaintiff to serve a defendant at his known residence, and other methods of locating a defendant, such as consulting public directories. *Price v. Dunn*, 787 P.2d 785, 786-87 (Nev. 1990), *rev. on other grounds, NC-DSH, Inc. v. Garner*, 218 P.3d 853 (Nev. 2009) (and noting that *Price* otherwise remains good law); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994). However, plaintiffs are not required to attempt every permissible means of service of process before requesting an alternative method of service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015).

The alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016. Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

A motion seeking an order allowing alternative service by publication must provide affidavits, declarations or other evidence demonstrating: (1) the due diligence that was undertaken to locate and serve the defendant; (2) the efforts made to locate and serve the defendant; (3) the defendant's known, or last known contact information; (4) the last known address, the dates during which the defendant resided at the location, and confirmation the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found. Nev. R. Civ. P. 4.4(b)(2), 4.4(c)(2); *see also Eko Brands, LLC v. Houseware Sols., LLC*, Case No. 2:20-cv-2076-RCJ-BNW, 2021 WL 4149016, at *2 (D. Nev. Aug. 20, 2021); *Gomez v. State Dep't of Bus. & Indus. Rels.*, Case No. 2:21-cv-01184-GMN-VCF, 2021 U.S. Dist. LEXIS 201074, at *2 (D. Nev. Oct. 19, 2021). Such request must state why service by publication comports with due process and, if service by publication is contemplated, include the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; and suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings. Nev. R. Civ. P. 4.4(c)(4)(A). The publication should "be reasonably calculated to give the defendant actual notice of the proceedings." *Id.* The service must be published at least once a week for a period of four weeks. *Id.*

Plaintiffs demonstrate they have acted with due diligence to locate and serve Mirabal. Plaintiffs provide Mirabal's last known contact information, including his address and all other information available. Plaintiff provides that publications will occur in Nevada and Indiana, and provide the content of such publication. In sum, Plaintiffs demonstrate that alternative service is necessary and reasonably calculated to provide Mirabal notice of the action and an opportunity to respond to the Complaint.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Allow for Alternative Service on Defendant J. Romero Mirabal (ECF No. 10) is GRANTED

IT IS FURTHER ORDERED that:

- Plaintiffs may serve J. Romero Mirabal by publication.
- Publication must occur on four consecutive weeks.
- The first publication must occur no later than **March 18, 2025**.

IT IS FURTHER ORDERED that although Plaintiffs may have already done so, they must place a copy of the Summons and Complaint in the U.S. Mail, Certified, Return Receipt Requested, to Defendant Mirabal's last known address.

IT IS FURTHER ORDERED that if Plaintiffs have or discover an email address or social media account for Plaintiff during the service by publication period, Plaintiffs must also send Defendant Mirabal a copy of the Summons and Complaint to the email and social media accounts.

IT IS FURTHER ORDERED that upon completion of the publications, service will be considered effected.

IT IS FURTHER ORDERED that the Court, *sua sponte* extends the date by which service must be accomplished to **April 15, 2025**.

Dated this 3rd day of March, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE