```
DAVID A. TANNER, Esq.
Nevada Bar No. 8282
JEFFREY C. GUNN, Esq.
Nevada Bar No. 15925
```
**TANNER LAW FIRM**
7895 West Sunset Road, Suite 115
Las Vegas, Nevada 89113
Telephone (702) 987-8888
Facsimile (702) 410-8070
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROLANDO GUTIERREZ ARMENDARIZ, an individual; ANA DANIELA AMEZQUITA AVILES, an individual; RICARDO GUTIERREZ ARMENDARIZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>VICTOR M. CEPEDA GONZALEZ, an individual; J. ROMERO MIRABAL, an individual, DOES I through X; and ROE ENTITIES I through X,<br><br>Defendants. | CASE NO.: 2:25-cv-00118-GMN-EJY<br><br>**MOTION TO EXTEND TIME FOR SERVICE** |

## MOTION TO EXTEND TIME FOR SERVICE

ROLANDO GUTIERREZ ARMENDARIZ, ANA DANIELA AMEZQUITA AVILES, and RICARDO GUTIERREZ ARMENDARIZ ("Plaintiffs"), by and through their attorneys, DAVID A. TANNER, ESQ. and JEFFREY C. GUNN, ESQ. of the Tanner Law Firm, hereby file this Motion to Extend Time for Service On Defendant, J. Romero Mirabal ("Defendant Mirabal").

…

1

This Motion is based upon the pleadings and papers on file in this matter and the attached Memorandum of Points and Authorities.

Dated this 26th date of March 2025

By: _____
DAVID A. TANNER, Esq.
Nevada Bar No. 8282
JEFFREY C. GUNN, Esq.
Nevada Bar No. 15925
**TANNER LAW FIRM**
7895 West Sunset Road, Suite 115
Las Vegas, Nevada 89113
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com
jeff@tannerlawfirm.com
*Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PROCEDURAL HISTORY

The Complaint was filed in this case on October 15, 2024. [Complaint, attached hereto as Exhibit 1] Defendant Victor M. Cepeda Gonzalez was served with the Complaint and filed an Answer in Nevada State Court on December 5, 2024. [Defendant Gonzalez Answer, attached hereto as Exhibit 2] Defendant Gonzalez then removed the case to this Court on January 17, 2025. (See, Document 1, Defendant Victor M. Cepeda Gonzalez's Petition for Removal of Action under 28 U.S.C. § 1441).

On March 4, 2025, the Court granted Plaintiffs' Motion to Allow for Alternative Service On Defendant J. Romero Mirabal. (Document 11). In doing so, the Court stated that the first publication my occur no later than March 18, 2025. Despite timely, diligent work, the first publication did not occur until March 22, 2025, and publication in Indiana has not yet begun.

For the reasons stated herein, Plaintiffs request that this Court extend the time of service by 3 weeks, to May 6, 2025.

## II.

## RELEVANT TIMELINE

On March 13, 2025, Plaintiffs sent an email to legals@reviewjournal.com requesting the Summons to be served via publication for four (4) consecutive weeks. On the same day, an email was received from legals@reviewjournal.com with attached proof of Summons legal notices and invoice for $110.00 to be paid prior to publication. On March 17, 2025, a check for $110.00 for LV Review Journal was sent in the mail and a copy was sent to legals@reviewjournal.com. Thereafter, also on March 17, 2025, Plaintiffs received an email from legals@reviewjournal.com stating they have moved the start date of publication to March 22, 2025, and that they would move the start date as necessary until the check was received. [Emails to LV Review Journal attached hereto as Exhibit 3]

On March 13, 2025 Plaintiffs also sent email to doug.mcavoy@goshennews.com requesting the Summons to be served via publication for four (4) consecutive weeks. After

3

receiving no response, Plaintiffs called Goshen News on March 17, 2025, and spoke with Angie Kulczar. She stated she could help. Thereafter, Plaintiffs sent an email to angie.kulzcar@goshennews.com requesting Summons to be served via publication for four (4) consecutive weeks. Plaintiffs sent a follow up email on March 20, 2025, to angie.kulzcar@goshennews.com regarding publication. Plaintiffs received a response on March 25, 2025 with an order for prepayment. On March 25, 2025, Plaintiffs sent an email to angie.kulzcar@goshennews.com requesting an invoice for publication. The invoice was later provided, and a copy of the check was then sent to angie.kulzcar@goshennews.com with copy of check. [Emails to Goshen News attached hereto as Exhibit 4]

### III.
### LEGAL ARGUMENT

When a case is filed in Nevada State Court, but removed by one Defendant before the other Defendant is served, it seems that Federal Rules would govern service on the un-served Defendant.   See, 28 U.S.C. §1448; see also, Whidbee v. Pierce County, 857 F.3d 1019, 1023 (9th Cir. 2017).  Further, a plaintiff who had not yet served a defendant when a case is removed to Federal Court should be allowed time to serve the un-served defendant.  Id.

A.   **Service Under FRCP 4**

"'The Constitution does not require any particular means of service of process.'" SmarterSwipe, Inc. v. Navarrete, 2025 WL 274620, 2 (D. Nev. 2025) (quoting Rio Props. V. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002)). It only requires that service be calculated to "'provide notice and an opportunity to respond.'" Id.  Service in a recent case has been allowed by various means including e-mail, text message, direct message on a social media account, mail, and voice message. Farmers New World Life Ins. Co v. Soulje, 2025 WL 295003, 2 (D. Nev. 2025).

Service is governed by FRCP 4.  It holds that: "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Id. at 4(c)(1).  Further, this Rules states:

4

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Id. at (m). As such, this Court must extend the time to service if the Plaintiffs show good cause of the failure.

**B.    Plaintiffs Have Shown Good Cause To Extend The Time To Serve**

The determination of good cause is within the court's discretion. Scrimer v. Eighth Judicial Dist. Court, 116 Nev. 507, 513, 998 P.2d 1190, 1193 – 94 (2000) (citing Lacy v. Wen-Neva, Inc., 109 Nev. 341, 849 P.2d 260 (1993)). As shown above, following the Court's approval of service by publication (Document 11), Plaintiffs were diligent in getting publication started. However, because of the time required to communicate and send and process payment, service has not yet begun.

Due to the diligence of Plaintiffs good cause exists to extend the time to serve Defendant Mirabal. As such, Plaintiffs respectfully request this Court extend the time of service to May 6, 2025.

…
…
…
…
…
…
…
…
…
…
…

## IV.
## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request this Court extend the time of service to May 6, 2025.

Dated this 26th date of March, 2025.

By: _____
DAVID A. TANNER, Esq.
Nevada Bar No. 8282
JEFFREY C. GUNN, Esq.
Nevada Bar No. 15925
**TANNER LAW FIRM**
7895 West Sunset Road, Suite 115
Las Vegas, Nevada 89113
*Attorneys for Plaintiffs*

IT IS SO ORDERED; provided, however, there will be no further extensions of time to serve Defendant J. Romero Mirabal absent extraordinary unforeseen circumstances.

_____
U.S. MAGISTRATE JUDGE

Date: March 27, 2025